## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**Civil Action No. 05-187-HRW**

**JONATHON FOWLER**                                        **PLAINTIFF,**

**v.**          **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on April 30, 2002, alleging disability due to curvature of the spine, collapsed right lung, nervousness and anxiety (Tr. 61-70). This application was

1

denied initially and on reconsideration.  On January 19, 2005, an administrative

hearing was conducted by Administrative Law Judge Barry Anderson (hereinafter

"ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 197-206).

In his decision, pursuant to 20 C.F.R. § 416.920, the ALJ cited the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 25, 2005, the ALJ issued his decision finding that Plaintiff was

not disabled (Tr. 15-18).  Plaintiff was 36 years old at the time of the hearing

decision. He has a GED.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.17). The ALJ then determined, at Step 2, that Plaintiff had no impairment or impairments which significantly limit his ability to perform basic work-related activities. Accordingly, the ALJ found Plaintiff not to be disabled at Step 2 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 28, 2005 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

#### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

3

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B.   Plaintiff's Contentions on Appeal

Plaintiff's motion appears to be nothing more than excerpts from the transcript and the ALJ's decision, interspersed with perfunctory statements, such as "[t]he ALJ has a duty to develop the record." There is nothing resembling argument in his submissions to the Court. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997). Further, "[i]t is not sufficient for a party to mention a possible argument in the most

skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

Nonetheless the Court has attempted to discern what arguments Plaintff endeavors to make on appeal.   He appears to contend that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not deem Plaintiff's mental impairments to be "severe" and (2) the ALJ failed to fully develop the record. Further, Plaintiff's reference to medical evidence submitted to the Appeals Council after the ALJ rendered his decision will be interpreted as a request for remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not deem Plaintiff's mental impairments to be "severe".  Based upon the record, this Court finds that the ALJ's determination was based upon substantial evidence. The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R.  §§ 404.1520( c) and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation".  *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone.  *Id.* at 863.

Although it is clear from the record that Plaintiff has a medically determinable mental impairment, i.e., generalized anxiety, the pertinent inquiry is whether or not the impairment significantly limits Plaintiff's ability to perform basic work-related activity. *See* 20 C.F.R. § 416.920( c ). In addition, a "severe" impairment must last for a continuous period of at least twelve months. 20 C.F.R. § 1382c(a)(3)(A); 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii) . The ALJ concluded that there was no objective evidence to indicate that Plaintiff's mental condition interfered with his ability to perform basic work activity.

First, as the ALJ noted, the record is devoid of any evidence that Plaintiff was treated for any psychiatric disorder during the relevant time period (Tr. 17). Although Plaintiff did undergo treatment in 1983, treatment received 19 years prior to his application for benefits only undermines his argument of "severe" impairment.

Second, the ALJ discussed, in detail, the medical evidence of record, which establishes that Plaintiff's mental impairment is not "severe."  For example, I.T. Baldwin, M.A., a consultative psychologist, opined that Plaintiff had **no** "significant deficiencies in functioning which would materially interfere with meeting the demands of work related activity" (Tr. 106).  Indeed, during this examination, Plaintiff denied having any psychiatric treatment or needing any (Tr.

6

105).    Baldwin found Plaintiff's thought processes to be coherent, goal directed

and logical (Tr. 105).  He further remarked that Plaintiff was able to remember and

follow complex instructions as well as make appropriate responses to co-workers

or supervisors (Tr. 106).

The ALJ also referenced the assessment of Stephen Lamb, M.D. dated July

31, 2002 (Tr. 111-114).   Dr. Lamb found no physically disabling impairment and

although he noted a psychiatric condition, he also noted the lack of treatment for

the same and made no mention of any limitation stemming therefrom (Tr. 113).

Finally, the ALJ discussed Plaintiff's own testimony during which he

indicated that he was getting better and testified as to activities, such as riding his

bike to the library and going to church (Tr. 17).

The Court is mindful that is the burden of the Plaintiff to demonstrate the

severity of his impairments.  In this case, the Plaintiff failed to bring forth any

evidence that his generalized anxiety disorder was "severe."  To the contrary, the

Court finds the ALJ's determination at Step 2 to be supported by substantial

evidence.

Plaintiff's second claim of error is that the ALJ failed to fully develop the

record.

It is axiomatic that the ALJ has an obligation to develop a full and fair record. This obligation is heightened and, indeed, rises to a special duty where a claimant is not represented by counsel or is otherwise unable to adequately present his case to the ALJ. *See Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6ᵗʰ Cir. 1983)(citations omitted).   That is not the case here as Plaintiff was represented by counsel before, during and after the hearing.  Contrary to Plaintiff's bald assertion, there is no indication that the ALJ denied Plaintiff a full and fair hearing.   Moreover, Plaintiff had ample opportunity to present his claim.  It is noteworthy that Plaintiff did not object to any exhibits being admitted into the record nor did he request that the record remain open for the submission of additional evidence, either during or at the conclusion of the hearing.

Plaintiff appears to argue that the ALJ should have considered the report of Gary V. Prater, Psy.D., dated January 7, 2005 (Tr. 178-192), which was submitted, post-decision, to the Appeals Council, who declined Plaintiff's request for review (Tr. 5).   Insofar as Plaintiff's "argument" can be construed as a request for remand pursuant to Sentence Six of 42 U.S.C. § 405(g), it too lacks merit.

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is

8

material and that there is good cause for the failure to
incorporate such evidence into the record in a prior
proceeding.

42 U.S.C. §405(g). For a remand under sentence six, the moving party must

show that: (1) there is new, non-cumulative evidence: (2) the evidence is

"material" - i.e., both relevant and probative, so that there is a reasonable

possibility that it would change the administrative result; and, (3) there is good

cause for failure to submit the evidence at the administrative level. *Willis v.*

*Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984).

First, Prater's report cannot be considered "new" as it was in existence at

the time of the hearing. Again, as discussed above, Plaintiff, through counsel,

failed to take appropriate steps at the time of the hearing to present the subject

report or request that the record remain open for submission of the same.

In addition, the report is not "material." Although it is replete with

diagnoses, it is well established that a diagnosis is not tantamount to severity,

much less disability. *See e.g., Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.

1988)("the mere diagnosis [of a condition], of course, says nothing about the

severity of the condition."). Further, Prater's diagnoses are in conflict with his

own examination notes (Tr. 178-183), as well as the other medical evidence of

record, such as the report of Dr. Baldwin. Given the inconsistencies with his own

9

notes as well other the assessments of other medical sources, the Court finds that there is **not** a reasonable possibility that Dr. Prater's would change the administrative result. Thus, it is not "material."

Finally, Plaintiff has made no showing of good cause for failure to submit the evidence at the administrative level.

In sum, Plaintiff has failed to carry his burden in seeking a Sentence Six remand.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___17___ day of July, 2006.

Henry R. Wilhoit, Jr., Senior Judge

10